■ GARY STRAUCH, an Infant, by His Father and Natural Guardian, IRVING STRAUCH, et al., Respondents, v. HENRIETTA & STUARD HIRSCHMAN YM & YWHA OF CONEY ISLAND, Appellant.— In a negligence action to recover damages for personal injuries, loss of services and medical expenses, defendant appeals from an interlocutory judgment of the Supreme Court, Kings County, entered February 1, 1972, in plaintiffs' favor on the issue of liability, upon a jury verdict at a trial solely on that issue. Interlocutory judgment reversed, on the law, without costs, and new trial granted. We have considered the questions of fact and have determined that we would not grant a new trial upon those questions. The infant plaintiff, a 15-year-old boy, was injured

during the course of a basketball practice drill ordered by the coach of defendant's junior varsity team. The case was submitted to the jury on the question of whether the drill in question "was so unreasonable and extraordinary as compared to customary methods of training basketball teams of similar experience and age as to be more dangerous than the customary methods of training". There had been a complete absence of testimony as to customary practice sessions and how the drill in which the infant plaintiff was injured varied from them. Plaintiffs' experts, however, were permitted to testify, over objection, that the drill was dangerous and improper for boys of the infant plaintiff's age. In our opinion, by its ruling, the trial court allowed plaintiffs' experts to state their personal belief on the ultimate issue in the case, thereby "transcend[ing] the limits of legitimate expert testimony" (*Riley* v. *Hollingshead Corp.*, 29 A D 2d 848, 849) and invading the province reserved for the triers of the facts, in this case the jury (*Bearss* v. *Westbury Hotel*, 33 A D 2d 47; *Feldberg* v. *Howard Fulton St.*, 20 A D 2d 555). In addition, we feel that error was also committed in permitting plaintiffs' witnesses to testify, over objection, that five minutes after the infant plaintiff was injured defendant's physical education director, after being informed as to what had happened, came on the scene and scolded the coach for having ordered the drill in question. Under the circumstances, testimony as to the alleged scolding was not admissible under the spontaneous declarations exception to the hearsay evidence rule (see Richardson, Evidence [9th ed.], pp. 253–254). Munder, Martuscello and Christ, JJ., concur; Hopkins, Acting P. J., dissents and votes to affirm, with the following memorandum: As I view it, the question of liability was properly presented to the jury. Expert testimony that the activity through which the infant plaintiff was injured was dangerous and improper was admissible in the trial court's discretion (CPLR 4515; cf. 5 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 4515.03, p. 45–232); in any event, that kind of error is harmless in my opinion, since a jury must be assumed to be capable of coming to its own conclusion whether the activity was dangerous. The evidence that defendant's physical education director remonstrated with defendant's employee after the accident was admissible (*Bransfield* v. *Grand Union Co.*, 24 A D 2d 586, affd. 17 N Y 2d 474). Since the witness had authority to direct the recreational exercises, he surely had authority to reprove an employee for improper performance of his duties (*Spett* v. *President Monroe Bldg. & Mfg. Corp.*, 19 N Y 2d 203, 206–207). Benjamin, J., not voting.